[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 10147
This action, by writ, and complaint, claiming a dissolution of the marriage of the parties and other relief, as on file, came to this Court on December 17, 1991 and thence to later dates when the defendant appeared and the action was claimed for the family relations list and when the plaintiff appeared to prosecute the claim for a dissolution of the marriage.
The Court, having heard the evidence finds the following:
1. The wife, by the name of Kiernan was lawfully married to the husband on October 27, 1989 at Shelton, Connecticut.
2. One party has resided continuously in this State twelve months next before the date of the filing of the complaint or next preceding the date of this decree, and all statutory stays have expired.
3. The marriage has broken down irretrievably and there is no reasonable prospect of reconciliation.
4. Only the following minor child has been born to the wife since the date of the marriage, who is the lawful issue of the parties hereto:
Omar Matthew Sheikh, born September 24, 1991.
There are no other minor children born to the wife since the date of this marriage.
5. The wife is not receiving financial assistance from the State of Connecticut.
Whereupon it is adjudged that the marriage of the parties to this action be and it is hereby dissolved and they are each hereby declared to be single and unmarried.
CT Page 10148 The defendant shall pay alimony to the plaintiff in the amount of $25.00 per week which will terminate when the child reaches 18 years of age or the death of the plaintiff or the remarriage of the plaintiff.
Custody of the minor child is awarded to the plaintiff subject to supervised visitation by the defendant each Friday and Sunday from four p.m. to six p.m. at the plaintiff's mother's home (71 Maple Avenue, Shelton, Connecticut). Defendant is not to remove the minor child from the premises and any change of jurisdiction outside the State of Connecticut will be an immediate violation and will result in a contempt action against the defendant. This supervised visitation shall be in effect until the child reaches six years of age. At that time the visitation may be reviewed. However, unless the defendant attains his citizenship in the United States, the supervised visitation will continue.
The defendant shall pay $57.00 per week for support of the minor child.
A contingent wage execution to issue.
Defendant shall notify plaintiff by certified mail, return receipt, when he obtains any gainful employment and if and when he changed employment while the child is a minor.
Defendant to provide plaintiff by certified mail, return receipt, all W-2 Forms annually upon receipts of same while the child is a minor.
Plaintiff is to maintain medical insurance for the benefit of the minor child until such time as it becomes available to the defendant through his employment.
Defendant shall maintain irrevocable life insurance for the minor child for $25,000. until the child reaches the age of 18 years.
Liabilities on the financial affidavits shall be the responsibility of each party as listed on their respective affidavits.
Any personal belongings of the defendant shall remain so.
Defendant shall return to the plaintiff the following items CT Page 10149 Black Decker iron, peach and grey queen size sheet set, pink and green queen size sheet set, Dustbuster, college diploma, queen size mattress pad, electric mixer, 3 striped covers for the baby's bed off white and pink sweater, green/blue dress and the high school diploma.
The insurance check of $1,900 will be signed by the plaintiff and defendant. Out of the proceeds the defendant will pay the window bill. The balance shall be divided equally. However, he defendant's portion shall be given to the plaintiff's lawyer reimbursement for legal fees.
The personal property in the home of the plaintiff shall remain in her possession with the exception of the writing desk, captain's chair and brother's books.
The real property located at 7 Fairview Street, Ansonia, Connecticut will be retained by the plaintiff in fee.
Any member of the family may accompany the defendant to the visitation of the minor child. However, the number allowed shall not exceed two additional persons.
Philip E. Mancini, Jr., Judge State Trial Referee